Robert S. Meitus (IN SBN: 22469-53)
Email:  rmeitus@mgrfirm.com
Meitus Gelbert Rose LLP
47 S. Meridian St., Suite 400
Indianapolis, Indiana, 46204
Phone: (317) 464-5311
Fax:  (317) 464-5111

A. James Boyajian (CA SBN: 275180)
Email: JamesBoyajian@gmail.com
Law Office of A. James Boyajian
355 S. Grand Ave., Suite 2450
Los Angeles, California 90071
Phone: (424) 258-0777
Fax: (424) 298-4377

Attorneys for Plaintiff,
WOOLFSONGS LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| WOOLFSONGS LIMITED,<br><br>                    Plaintiff,<br><br>        vs.<br><br>KENDRICK LAMAR; TOPDAWG ENTERTAINMENT INC.; ANTHONY TIFFITH; TERRENCE HENDERSON; and DOES 1-10, inclusive,<br><br>                    Defendants.  ) | Civil Case No.:  2:14-cv-5103<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT;**<br><br>**DEMAND FOR JURY TRIAL.** |

Plaintiff WOOLFSONGS LIMITED ("Woolfsongs"), by its counsel, brings this Complaint against Defendants KENDRICK LAMAR ("Lamar"), TOPDAWG ENTERTAINMENT, INC. also known as "TOP DAWG ENTERTAINMENT" ("TopDawg"), ANTHONY TIFFITH ("Tiffith"), TERRENCE HENDERSON ("Henderson"), and Does 1-10 ("Does"), to seek damages, injunctive relief, and other remedies from Defendants' ongoing infringement of Woolfsongs' valuable registered copyrights per 17 U.S.C. §§ 101 *et. seq.* and 28 U.S.C. §§ 1331 and 1338.  Specifically, Woolfsongs alleges as follows upon knowledge as to Plaintiff and otherwise on information and belief:

## **Jurisdiction, Venue and Cause of Action**

1.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because federal questions presented herein arise under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et. seq.*

2.      This Court has personal jurisdiction over Defendants because the events giving rise to this claim occurred in this district, and because the Defendants reside in or were organized under the laws of California and have purposefully directed advertising, sales, and streaming media of their recordings to citizens of California, including the infringing work, "Keisha's Song (Her Pain)."

3.      Venue is proper under 28 U.S.C. §§ 1391(b)(1) and 1400(a) because Defendants or their agents reside or may be found in this judicial district;

COMPLAINT FOR COPYRIGHT INFRINGEMENT

and also under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred within this district.

## Parties

4.      Plaintiff Woolfsongs is a foreign corporation with an address of 2nd Floor, Walsingham House, 1331-1337 High Road, Whetstone, London N20 9HR, United Kingdom.  Woolfsongs is engaged in the business of promoting and managing the works of songwriter Eric Woolfson and his internationally recognized platinum-selling musical group, "The Alan Parsons Project."

5.      Defendant Lamar is an individual residing in the County of Los Angeles, State of California.  Lamar is a hip-hop recording artist providing entertainment services throughout the United States.

6.      Defendant TopDawg was organized as a California corporation with a principal executive office located at 827 E. Sandpoint Ct., Carson, California 90746.  TopDawg is principally engaged in the business of producing, promoting and selling recorded music. According to the official California Secretary of State Website, TopDawg is "Suspended" as a corporation under the laws of the State of California.

7.      Defendant Tiffith is an individual residing in the State of California and is the chief executive officer and co-owner of TopDawg.

8.      Defendant Henderson is an individual residing in the State of California and is the president and co-owner of TopDawg.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

9.     Woolfsongs does not know the true identity of the persons named herein as Does 1 through 10, inclusive, at this time and will seek amendment of this complaint to add their true names and capacities once discovered.

10.     Each of the Defendants was the alter-ego, parent or subsidiary, predecessor or successor, principal or agent, member or manager, partner, joint-venturer, employer or employee, master or servant, and/or co-conspirator of each other Defendant with regards to performing the acts herein alleged.

11.     Each of the Defendants authorized or ratified the acts or omissions of the other Defendants as herein alleged, and did so for his, her, or its own financial and individual advantage or the collective advantage of all Defendants.

12.     Each of the Defendants is jointly and severally liable for the infringements and damages alleged herein.

### Plaintiff's Copyrights

13.     Woolfsongs co-owns, with Universal Music Careers, the copyright in the wholly original musical work entitled "Old and Wise" (the "Original Composition"), initially published and released on the popular album by the Alan Parsons Project entitled "Eye in the Sky," which was certified platinum in the United States and sold many millions of copies worldwide.

14.     The copyright in the Original Composition was registered as a musical work in 1982 (original Reg. No. PA0000144138).

COMPLAINT FOR COPYRIGHT INFRINGEMENT

15.     Woolfsongs is also a beneficial owner of the copyright in the wholly original sound recording, also entitled "Old and Wise" (the "Original Sound Recording"), also initially published and released on the Alan Parsons Project's "Eye in the Sky" album, and currently widely available in physical and digital formats.

16.     The copyright in the Original Sound Recording was registered as a sound recording in 1982 (original Reg. No. SR0000037591).

## Defendants' Wrongful Conduct

17.     Defendants created a derivative musical composition and derivative sound recording entitled "Keisha's Song (Her Pain)," on the album "Section.80," (the "Infringing Work"), by digitally copying and manipulating (i.e., "sampling") significant portions of both the Original Composition and Original Sound Recording and then copying the results of such sampling (i.e., "samples") throughout the Infringing Work.

18.     Defendants also have (or caused to have) manufactured, reproduced, distributed, sold copies and publicly performed the Infringing Work incorporating the samples of the Original Composition and Original Sound Recording.

19.     Defendants' album "Section.80" was released on or around July 2, 2011, and is available for download on various services including, but not limited to, iTunes, Amazonmp3.com, eMusic.com and through Internet streaming and/or

COMPLAINT FOR COPYRIGHT INFRINGEMENT

limited download on services including, but not limited to, Soundcloud, Last FM and Spotify.

20.     As of the week ending March 16, 2014, Defendants have sold at least 159,724 digital downloads of the album "Section.80" and at least 19,474 digital downloads of the Infringing Work single.

21.     Defendants' conduct was entirely unauthorized and was done without consent of Woolfsongs or any co-owner of the rights in the Original Composition or the Original Sound Recording, and without any license to do so.

22.     Resolution of this matter was attempted with Lamar's representatives in April 2014, but such efforts did not lead to settlement and Lamar's representatives became unresponsive.

### Plaintiff's Harm From Defendants' Wrongful Conduct

23.     The foregoing conduct by Defendants is an infringement of Plaintiff's exclusive rights under § 106 of the Copyright Act of 1976.

24.     As a direct and proximate result of Defendants' aforesaid acts, Woolfsongs has suffered and continues to suffer actual and substantial damages.

25.     The precise amount of damages is not ascertainable at this time.

### First Cause of Action

### Federal Copyright Infringement Under 17 U.S.C. § 501

### Against all Defendants

26.     Plaintiff repeats and realleges by reference Paragraphs 1 to 25.

27.     Defendants' activities, as alleged above, constitute copyright infringement of Woolfsongs' rights in and to its federally registered copyright in the Original Composition, and have caused harm to Plaintiff.

28.     Defendants' activities, as alleged above, constitute copyright infringement of Woolfsongs' rights in and to the federally registered copyright in the Original Sound Recording, and have caused harm to Plaintiff.

### Request For Relief

WHEREFORE, Plaintiff Woolfsongs, by counsel, respectfully requests that the Court enter an Order requiring that:

(A)     Pursuant to 17 U.S.C. § 502(a), Defendants, their agents, servants and employees and all parties in privity with them be enjoined permanently from directly or indirectly using Plaintiff's Original Composition and Original Sound Recording or any other work derived in any way from Plaintiff's Original Composition and Original Sound Recording in any manner which infringes upon the copyrights in said Original Composition and Original Sound Recording;

(B)     Defendants file with the Court and serve on Plaintiff a report setting forth the manner and form in which compliance with said permanent injunction against infringement has been made;

(C)     Pursuant to 17 U.S.C. § 504(b), Defendants be required to pay to the Plaintiff such actual damages as the Plaintiff may have sustained in consequence of Defendants' infringement and all profits of Defendants that are attributable to the

infringement of Plaintiff's rights in said copyrights to the Original Composition and Original Sound Recording;

(D)     Defendants provide Plaintiff an accounting for all gains, profits and advantages derived by Defendants from their infringement including profits of all sales of Defendants since the date of the infringement;

(E)     Pursuant to 17 U.S.C. § 504(c), Defendants be required to pay an award of statutory damages in a sum of not less than $30,000 per infringement, should this statutory remedy be elected, by Defendants of Plaintiff's rights in said copyrights to the Original Composition and Original Sound Recording;

(F)     Defendants' infringements are found to have been willful;

(G)     Pursuant to 17 U.S.C. § 504(c), Defendants be required to pay an award of increased statutory damages in a sum of not less than $150,000 per infringement for willful infringement, should this statutory remedy be elected, by Defendants of Plaintiff's rights in said copyrights to the Original Composition and Original Sound Recording;

(H)     Pursuant to 17 U.S.C. § 505, Defendants be required to pay Plaintiff's full costs in this action and reasonable attorney's fees to Plaintiff's attorneys; and

(I)     Plaintiff be awarded other and further relief as is just and equitable.

COMPLAINT FOR COPYRIGHT INFRINGEMENT

DATED: July 1, 2014

Respectfully submitted,

By: _____

Robert S. Meitus, Esq.
Meitus Gelbert Rose LLP
47 S. Meridian St., Suite 400
Indianapolis, Indiana, 46204
rmeitus@mgrfirm.com
(317) 464-5311

By: _____

A. James Boyajian, Esq.
Law Office of A. James Boyajian
355 S. Grand Ave., Suite 2450
Los Angeles, California 90071
JamesBoyajian@gmail.com
(424) 258-0777

Attorneys for Plaintiff
WOOLFSONGS LIMITED

8

COMPLAINT FOR COPYRIGHT INFRINGEMENT

## **Demand For Jury Trial**

Plaintiff hereby demands a trial by jury with respect to any issues so triable.

Dated: July 01, 2014

Respectfully submitted,

By: _____

Robert S. Meitus, Esq.
Meitus Gelbert Rose LLP
47 S. Meridian St., Suite 400
Indianapolis, Indiana, 46204
rmeitus@mgrfirm.com
(317) 464-5311

By: _____

A. James Boyajian, Esq.
Law Office of A. James Boyajian
355 S. Grand Ave., Suite 2450
Los Angeles, California 90071
JamesBoyajian@gmail.com
(424) 258-0777

Attorneys for Plaintiff
WOOLFSONGS LIMITED

9